UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                                   Case No.: 8- 24-72940-ast
                                                                          Chapter 7
EFRAIN GORRE,
                                        Debtor.
------------------------------------------------------------X
ROBERT L. PRYOR, Chapter 7 Trustee of the
Bankruptcy Estate of Efrain Gorre,


                                        Plaintiff,             Adv. Pro. No.:


- against -
                                                                AMENDED
Continental Trading & Services, Inc. dba                       COMPLAINT
CTS Group, Inc., and Efrain Gorre,


                                        Defendants.
------------------------------------------------------------X


       Robert L. Pryor, Esq., the Chapter 7 Trustee ("Trustee" or "Plaintiff") of the  Estate of Efrain

Gorre ("Debtor"), by his attorneys, Pryor & Mandelup, L.L.P., as and for his Complaint herein,

respectfully alleges and represents to this Court as follows:

       1.      This action arises under 11 U.S.C. §§ 541, 547 and 550, Rules 6009 and 7001

of the Federal Rules of Bankruptcy Procedure, and New York Banking Law Section 675.

       2.      The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 157 and

1334 as this action arose in and under the Debtor's pending Chapter 7 case.

       3.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

       4.      This matter is a core proceeding as per 28 U.S.C. § 157(b)(2).

       5.      This is an action for the recovery of the loans made to Continental Trading &

Services, Inc. ("Continental"), for the recovery of a preferential payment to Continental, and for the

turnover by the Debtor of property of the estate.

6.　　　On July 26, 2024 the Debtor filed a petition under Chapter 7 of the Bankruptcy Code (the "Petition Date").

7.　　　On September 3, 2024, a first meeting of creditors was conducted and Robert L. Pryor became Chapter 7 Trustee.

## PARTIES

8.　　　Continental Trading & Services, Inc. dba CTS Group, Inc. ("CTS") is a New York corporation licensed to do business in the State of New York.

9.　　　The Debtor is a 100% shareholder and president of CTS.

## FIRST CLAIM FOR RELIEF AGAINST CONTINENTAL MONIES DUE AND OWING, 11 U.S.C. §§ 541, 542

10.　　　Plaintiff incorporates by reference paragraphs "1" through "9".

11.　　　The Debtor's petition and schedules   contain representations under penalty of perjury that the Debtor had obtained loans against the cash value of his life insurance policy with Northwestern Mutual Life in the respective amounts of $42,499 and $30,314.00 (the "Insurance Loans").

12.　　　The Debtor has represented that each of the Insurance Loans was then transferred to CTS as loans to fund its operations.

13.　　　The Debtor has represented that no portion of said Insurance Loans has been repaid to him.

14.　　　The Insurance Loans constitute property of the estate under U.S.C. § 541.

15.　　　The Trustee, as representative of the Bankruptcy Estate is entitled to the repayment and turnover of said Insurance Loan proceeds together with interest thereon under U.S.C. § 542.

16.　　　The Trustee demands judgment against Continental in the amount of $72,813 together with interest thereon.

**AS AND FOR A SECOND CLAIM**
**FOR RELIEF AGAINST CONTINENTAL**
**11 U.S.C. § 547 PREFERENCE**

17.     Plaintiff restates the allegations contained in paragraphs "1" through "16".

18.     As of December 31, 2023 the Debtor was indebted to Continental in the amount of $57,873.

19.     On such date, the Continental caused to be distributed to the Debtor the sum of $61,355.42, and said sum was then remitted to Continental Defendant thus cancelling the debt of $57,873.00 (the "December 31 Transaction").

20.     Continental is an insider of the Debtor.

21.     The December 31 Transaction constituted a transfer (the "December 31 Transfer") of an interest of the Debtor in property.

22.     Said December 31Transfer occurred in the one year period prior to the Petition Date.

23.     Said December 31Transfer was made on account of an antecedent debt owing by the Debtor to Continental.

24.     The aggregate amount of the December 31Transfer is not less than $61,355.42.

25.     The December 31Transfer was made while the Debtor was insolvent or it rendered the Debtor insolvent.

26.     As a result of the December 31Transfer, Defendant received more than Defendant would have received if: (a) the Transfer had not been made; and (b) the Defendant received distributions on account of this debt under the provisions of the Bankruptcy Code.

27.     In accordance with the foregoing, the Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

28.     The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the December 31 Transfer is avoided.

### THIRD CLAIM FOR RELIEF AGAINST CONTIENENTAL
### RECOVERY OF PROPERTY-11 U.S.C. §550

29.     Plaintiff restates the allegations contained in paragraphs "1" through "28".

30.     As alleged above, Plaintiff is entitled to avoid the December 31Transfer under 11 U.S.C. § 547.

31.     Continental is the initial, immediate, or mediate transferee of the Transfer.

32.     Accordingly, pursuant to section 550 (a) of the Bankruptcy Code, Plaintiff is entitled to recover from Continental the amount of the Transfer, in the amount of no less than $61,355.42 plus interest thereon.

### FOURTH CLAIM FOR RELIEF AGAINST CONTIENENTAL
### DISALLOWANCE OF CLAIM-11 U.S.C. §502

33.     Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "32".

34.     Continental is a transferee of the December 31Transfer avoidable under sections 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

35.     Continental has not repaid the amount of the December 31Transfer or the Insurance Loans, or turned over such property, for which Defendant is liable under section 550 of the Bankruptcy Code.

36.     Pursuant to section 502(d) of the Bankruptcy Code, any and all Claims of Continental and/or its assignee against Plaintiff, whether such Claim was filed by the Continental or scheduled by Plaintiff must be disallowed until the December 31Transfer and the Insurance Loans are repaid in full plus interest thereon and costs.

37.     The Plaintiff reserves all rights to further object to Continental's Claims on any and all additional grounds.

**FIFTH CLAIM FOR RELIEF AGAINST THE DEBTOR
NEW YORK BANKING LAW § 675**

38.     Plaintiff repeats and reallegs the allegations contained in paragraphs "1" through "38".

39.     The Debtor's Schedule A/B of his bankruptcy petition and schedules sets forth that as of the filing date was joint owner with his spouse of a Capital One bank account ending in 8146 with a balance at such time of $2,524.70.

40.     The Debtor's Schedule A/B set forth that as of the filing date the Debtor was joint owner with his "son" of a Capital One bank account ending in 2473 with a balance at such time of $2,276.94, and a Capital One bank account ending in 7823 with a balance at that time of $739.46

41.     Under New York Banking Law Section 675, there is a presumption that funds held in a joint banking account are owned in equal parts by the joint owners of the account.

42.     In light of the foregoing $2,770.55 constitutes property of the bankruptcy estate as to which no exemption is available.

43.     The Trustee has demanded the turnover of the sum of $2,770.55.

44.     The Debtor has failed and refused to turnover said sum and has failed to produce evidence sufficient to rebut the presumption of joint owner.

45.     Plaintiff is entitled to a judgment against the Debtor in the amount of $2,770.55 together with appropriate interest.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. On Plaintiff's First and Second Claims for Relief against Continental, judgment in favor Plaintiff and against Continental in the amount of $72,813 in together with appropriate interest;

b. On Plaintiff's Third Claim for relief against Continental, avoiding the transfer and granting judgment in the amount of $61,355.42 together with appropriate interest;

c. On Plaintiff's Forth Claim for Relief against Continental, judgment in favor of Plaintiff and against Continental disallowing any and all Claims of Continental and/or its assignee against Plaintiff or the Debtor whether such Claim was filed by the Defendant or scheduled by the Debtor, until Continental returns the Transfer and the Insurance Loan to Plaintiff pursuant to section 502(d) of the Bankruptcy Code; and

d. On Plaintiff's first claim for relief against the Debtor, judgment in the amount of $2,770.55 together with interest thereon.

e. For such other and further relief as the Court may deem just and proper.


Dated: Westbury, New York
     October 30, 2024

PRYOR&MANDELUP, L.L.P.
Attorneys for Plaintiff

By:*/s/Robert L. Pryor*
   Robert L. Pryor, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
rlp@pryormandelup.com
