**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel. 516.826.6500
Joseph S. Maniscalco, Esq.
*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

      EFRAIN GORRE,

              Debtor.

Case No.: 24-72940 (AST)
Chapter 7

---------------------------------------------------------------X
ROBERT L. PRYOR, Chapter 7 Trustee of the
Bankruptcy Estate of Efrain Gorre,

              Plaintiff,

- against -

Continental Trading & Services, Inc.
dba CTS Group, Inc., and Efrain Gorre,

              Defendants.
---------------------------------------------------------------X

Adv. Pro. No. 24-08099 (AST)

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendants Continental Trading & Services, Inc. dba CTS Group, Inc., and Efrain Gorre ("Defendants"), by their attorneys, LaMonica Herbst & Maniscalco, LLP, for their Answer with Affirmative Defenses ("Answer") to the amended complaint ("Complaint") filed by Robert L. Pryor, Esq., the Chapter 7 Trustee of the Bankruptcy Estate of Efrain Gorre ("Plaintiff"), state as follows:

1. The allegations contained in paragraph "1" constitute legal conclusions to which no response is required. To the extent any further response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of all allegations in paragraph "1" of the Complaint.

2. The allegations contained in paragraph "2" constitute legal conclusions to which no response is required. To the extent any further response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of all allegations in paragraph "2" of the Complaint.

3. Defendants admit the allegations contained in paragraph "3" of the Complaint.

4. The allegations contained in paragraph "4" constitute legal conclusions to which no response is required. To the extent any further response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of all allegations in paragraph "4" of the Complaint.

5. The allegations contained in paragraph "5" constitute legal conclusions to which no response is required. To the extent any further response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of all allegations in paragraph "5" of the Complaint.

6. Defendants admit the allegations contained in paragraph "6" of the Complaint.

7. Defendants admit the allegations contained in paragraph "7" of the Complaint.

**PARTIES**

8. Defendants admit the allegations contained in paragraph "8" of the Complaint.

9. Defendant Efrain Gorre ("Gorre") admits the allegations contained in paragraph "9" of the Complaint.

**FIRST CLAIM FOR RELIEF AGAINST CONTINENTAL**
**MONIES DUE AND OWING, 11 U.S.C. §§ 541, 542**

10. Responding to the allegations set forth in paragraph "10" of the Complaint, Defendants repeat, reiterate, and reallege each and every response made in paragraphs "1" through "9" as if more fully set forth herein.

11. Responding to the allegations set forth in paragraph "11", Defendants respectfully refer the Court to the documents referenced therein and its precise terms, legal import and meaning.

12. Defendant Gorre denies the allegations contained in paragraph "12" of the Complaint.

13. Defendant Gorre denies the allegations contained in paragraph "13" of the Complaint.

14. Defendants deny the allegations contained in paragraph "14" of the Complaint.

15. The allegations contained in paragraph "15" constitute legal conclusions to which no response is required. To the extent any further response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of all allegations in paragraph "15" of the Complaint.

16. Defendants deny the allegations contained in paragraph "16" of the Complaint.

## AS AND FOR A SECOND CLAIM
## FOR RELIEF AGAINST CONTINENTAL
## 11 U.S.C. § 547 PREFERENCE

17. Responding to the allegations set forth in paragraph "17" of the Complaint, Defendants repeat, reiterate, and reallege each and every response made in paragraphs "1" through "16" as if more fully set forth herein.

18. Defendant Gorre denies the allegations contained in paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20. Defendants admit the allegations contained in paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in paragraph "21" of the Complaint.

22.     Responding to the allegations in paragraph "22" of the Complaint, Defendants dispute and deny that a transfer occurred but agree that the transactions described in that section occurred within one year.

23.     Defendants deny the allegations contained in paragraph "23" of the Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     Defendants deny the allegations contained in paragraph "25" of the Complaint.

26.     Defendants deny the allegations contained in paragraph "26" of the Complaint.

27.     Defendants deny the allegations contained in paragraph "27" of the Complaint.

28.     Defendants deny the allegations contained in paragraph "28" of the Complaint.

### THIRD CLAIM FOR RELIEF AGAINST CONTINENTAL
### RECOVERY OF PROPERTY, 11 U.S.C. § 550

29.     Responding to the allegations set forth in paragraph "29" of the Complaint, Defendants repeat, reiterate, and reallege each and every response made in paragraphs "1" through "28" as if more fully set forth herein.

30.     Defendants deny the allegations contained in paragraph "30" of the Complaint.

31.     Defendants deny the allegations contained in paragraph "31" of the Complaint.

32.     Defendants deny the allegations contained in paragraph "32" of the Complaint.

### FOURTH CLAIM FOR RELIEF AGAINST CONTINENTAL
### DISALLOWANCE OF CLAIM, 11 U.S.C. § 502

33.     Responding to the allegations set forth in paragraph "33" of the Complaint, Defendants repeat, reiterate, and reallege each and every response made in paragraphs "1" through "32" as if more fully set forth herein.

34.     Defendants deny the allegations contained in paragraph "34" of the Complaint.

35.     Defendants deny the allegations contained in paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in paragraph "37" of the Complaint.

## FIFTH CLAIM FOR RELIEF AGAINST THE DEBTOR
## NEW YORK BANKING LAW § 675

38. Responding to the allegations set forth in paragraph "38" of the Complaint, Defendants repeat, reiterate, and reallege each and every response made in paragraphs "1" through "37" as if more fully set forth herein.

39. Responding to the allegations contained in paragraph "39", Defendant Gorre respectfully refers the Court to the document referred to therein for its precise meaning and content thereof.

40. Responding to the allegations contained in paragraph "40", Defendant Gorre respectfully refers the Court to the document referred to therein for its precise meaning and content thereof.

41. Defendants admit the allegations contained in paragraph "41" of the Complaint, but further responds that the presumption is a rebuttable one that looks to the identity of the deposits and transfers.

42. Defendants deny the allegations contained in paragraph "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph "43" of the Complaint.

44. Defendant Gorre denies the allegations contained in paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph "45" of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF AND WHEREFORE CLAUSE

Defendants deny that Plaintiff is entitled to the relief he has requested in the Complaint.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint, and without admitting or suggesting that they bear the burden of proof on any of the following issues, Defendants allege the following separate and independent affirmative defenses:

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted against Defendants.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by failure to satisfy the statutory and administrative prerequisites to bringing the claims.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by failure to name necessary parties.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

The transactions identified in the Complaint were part of the debtor's ordinary course of business or under ordinary business terms (ordinary course).

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

The transfers were made at the same time as the provision of new goods or services (contemporaneous exchange of new value).

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Defendants provided new value to the estate after the alleged preferential transfer (new value).

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

The transfer asserted herein did not diminish the estate under Section (547(c)(1)(A)-(B)).

## **RESERVATION OF RIGHTS**

Defendants reserve the right to plead additional affirmative defenses as additional information is obtained and/or as may be appropriate.

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed with prejudice, together with such other, further and different relief as is deemed just and proper.

Dated: December 20, 2024　　**LAMONICA HERBST & MANISCALCO, LLP**
　　　　Wantagh, New York　　Attorneys for Defendants

　　　　　　　　　　　　　　By: *s/ Joseph S. Maniscalco*
　　　　　　　　　　　　　　　　Joseph S. Maniscalco, Esq.
　　　　　　　　　　　　　　　　3305 Jerusalem Avenue, Suite 201
　　　　　　　　　　　　　　　　Wantagh, New York 11793
　　　　　　　　　　　　　　　　(516) 826-6500